NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0121n.06

No. 23-1595

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 14, 2024
KELLY L. STEPHENS, Clerk

KAREN ALBRIGHT, et al.,

    Plaintiffs-Appellees,

PAUL HALCZENKO,

    Proposed Intervenor-Appellant,

    v.

ASCENSION MICHIGAN, et al.,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

OPINION

---

Before: GRIFFIN, BUSH, and READLER, Circuit Judges.

GRIFFIN, Circuit Judge.

After proposed intervenor Dr. Paul Halczenko objected to receiving the COVID-19 vaccine on religious grounds, his employer, defendant Ascension, suspended him without pay. He now seeks to intervene in this class action brought by several Ascension employees who similarly refused the vaccine for religious reasons. At the time Halczenko filed his motion to intervene, the district court had already preliminarily approved a nationwide class settlement. The district court denied Dr. Halczenko's motion to intervene, and we affirm.

I.

A few months after the COVID-19 vaccine became available, Ascension required all employees to receive it. Plaintiffs sought religious accommodations to the mandate, but their requests were denied, and Ascension ultimately suspended them without pay when they failed to

comply. Five weeks later, some plaintiffs were recalled to work, while others were told that their positions had been filled during their suspensions. Plaintiffs then commenced this action, filing a class action complaint on behalf of Ascension's Michigan employees who were denied a religious exemption to the vaccine mandate and either suspended or forced to resign, alleging violations of federal and Michigan law.

Settlement negotiations were successful, and the district court preliminarily approved the parties' proposed settlement—class members would receive up to five weeks of the average weekly salary for their subclass (either physician, nurse, or technician) based on how long they were "suspended or removed from Ascension employment." The district court's order explained that class members could opt out of the settlement, meaning they would not be bound by the settlement agreement's terms. But if class members did not opt out, they would automatically be included in the class, and they would release all vaccine-mandate-related claims against Ascension and could attend a fairness hearing to comment and object to the proposed settlement. The district court also stayed all other cases raising similar claims elsewhere. It approved the class representatives and their attorneys as class counsel, and it permitted plaintiffs to file an amended complaint. The amended complaint raised the same basic claims as the original complaint, although it expanded the class (and claims) nationwide.

Soon thereafter, Dr. Paul Halczenko moved to intervene permissively and as of right on the basis that he had raised similar claims against Ascension in a separate class-action complaint filed eight months before the complaint here. Dr. Halczenko also moved to set aside or stay the district court's preliminary order approving the class settlement and to transfer venue to the Southern District of Indiana, where his case was pending. The district court denied these motions.

Dr. Halczenko timely appealed the district court's order and, on appeal, moved for an emergency stay pending appeal, which we denied. Since then, Dr. Halczenko has opted out of the class.

## II.

### A.

Dr. Halczenko first argues that the district court erred by denying his motion to intervene as of right. To intervene as of right, Dr. Halczenko

> must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.

*United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). If even a single element is missing, Dr. Halczenko cannot intervene as of right. *Id.* "We review a district court's denial of intervention as of right *de novo*, except for the timeliness element, which is reviewed for an abuse of discretion." *Id.*

Although a panel of this court previously concluded Dr. Halczenko was unlikely to satisfy the second and third elements, we will resolve this appeal on the fourth—Dr. Halczenko is not entitled to intervention because he cannot demonstrate inadequate representation. "Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit." *Id.* When, as here, the proposed intervenor and a party to the suit "share the same ultimate objective," we presume representation is adequate. *Id.* at 444. "That presumption may be overcome by showing, inter alia, that the party has interests adverse to the intervener." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula,* 41 F.4th 767, 774 (6th Cir. 2022) (internal quotation marks omitted).

We have "held that a movant fails to meet his burden of demonstrating inadequate representation when 1) no collusion is shown between the existing party and the opposition; 2) the existing party does not have any interests adverse to the intervener; and 3) the existing party has not failed in the fulfillment of its duty." *Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). "A mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). Indeed, a purported lack of vigor in litigation compared to what the movant would have summoned cannot show the necessary inadequate representation. *See Jordan*, 207 F.3d at 863. Similarly, the decision to negotiate with the other side and reach a less-than-ideal compromise "is not the equivalent of 'collusion' with the opposing party." *Bradley*, 828 F.2d at 1193.

Dr. Halczenko and plaintiffs are in the same positions. Both the allegations (Ascension unlawfully denied them religious exemptions to the COVID-19 vaccine mandates) and the requested relief (monetary damages) are identical. So, Dr. Halczenko and plaintiffs share the same ultimate goal, which creates a presumption that the parties already before the court adequately represent Dr. Halczenko's interests. *Michigan*, 424 F.3d at 443.

He cannot overcome this presumption by complaining that class counsel should have negotiated more favorable terms with Ascension to show a purported adverse interest. *See Wineries*, 41 F.4th at 774; *Bradley*, 828 F.2d at 1193. After all, settlements are exactly that—a compromise in which neither side is likely to be happy. To the extent Dr. Halczenko argues that class counsel did not press harder in negotiating the settlement, that is a classic example of litigation strategy, which cannot satisfy his burden to show inadequate representation. *See Bradley*, 828 F.2d at 1192. Nor does he identify any arguments class counsel failed to make, and

instead reverts back to attacking the settlement's substance—which, as set forth—furthered the same ultimate goal he had. Finally, Dr. Halczenko speculates that the settlement was collusive, but points to no such evidence. For these reasons, Dr. Halczenko cannot overcome the presumption of adequate representation.

Thus, we affirm the district court's order denying Dr. Halczenko's motion for intervention as of right.

B.

Dr. Halczenko next argues that the district court erred by denying his motion for permissive intervention. "The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge." *Michigan*, 424 F.3d at 445 (citation omitted).

His parallel case in the Southern District of Indiana makes reversal inappropriate here. In *Head v. Jellico Housing Authority*, we held that the district court did not abuse its discretion when denying a motion for permissive intervention because the proposed intervenor had "availed herself of other adequate means of asserting her rights" by filing a separate complaint that was "substantially similar to her proposed intervenor complaint." 870 F.2d 1117, 1124–25 (6th Cir. 1989). That is exactly the situation we are presented with here. Dr. Halczenko already has a parallel case in federal court asserting his individual rights. And by opting out of the class here, he has signaled that he views pursuing his claims individually as a better course than remaining a member of the class. Thus, the district court did not abuse its discretion by denying Dr. Halczenko's motion for permissive intervention.[1]

---

[1]Dr. Halczenko also challenges the district court's denial of his motion to set aside and to transfer, but he asks us to reverse that decision only "[i]f this Court reverses the decision of the district court on intervention." Appellant Br. at 53. Because we affirm the denial of his motion to intervene, we need not address this conditional portion of Dr. Halczenko's appeal.

III.

For the reasons stated, we affirm the district court's judgment.